IN THE CIRCUIT COURT OF ARKANSAS COUNTY, ARKANSAS
CIVIL DIVISION, _____ DIVISION

TYLENN JAMAR TODD                                        PLAINTIFF

VS.                 CASE NO.: 01SCV-21-31

BRODIE FAUGHN, individually and in his
official capacities; MARK DUKE, Chief of Police,
City of Stuttgart, Arkansas, individually and in
his official capacities; OFFICER FNU PEEK, BECKY
BURGESS, as Mayor of the City of Stuttgart,
OFFICER FNU GIGNAC, individually and in his official
Capacities, JOHN DOES 1 - 10                        DEFENDANTS



FILED
APR 16 2021
TIME: 12:44
SARAH MERCHANT, ARKANSAS COUNTY CIRCUIT CLERK

## COMPLAINT

COME NOW the Plaintiff, Tylenn Jamar Todd, by and through undersigned counsel, and for his complaint, states as follows:

### JURISDICTION AND VENUE

1. This is an action arising under the United State Constitution and the Constitution of the State of Arkansas alleging violations of Constitutional Rights. Relief is pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, the Arkansas Constitution and common law tort and negligence. Jurisdiction and venue, pursuant to pursuant to 28 U.S.C. § 1391, is proper in this Court as the cause of action arose in the Arkansas County, Arkansas.

2. This is also an action seeking declaratory relief pursuant to Ark. Code Ann. § 16-111-104, part of the Declaratory Judgment Act, and 28 U.S.C.S. § 2201 to declare the rights and other relations between the parties and for damages. The action also seeks prospective

1

**EXHIBIT B**

injunctive relief barring the defendants from engaging in the same or similar behavior in the future.

**PARTIES**

3. The Plaintiff, TYLENN JAMAR TODD, during all times mentioned was a citizen of the United States, and was a resident of Arkansas County, Arkansas.

4. The Defendant Mark Duke (herein referred to as "Mark Duke" "Duke" or "Chief Duke") is and was at all times a resident of Stuttgart County, Arkansas. The Defendant Police Officer BRODIE FAUGHN (herein referred to as "BRODIE FAUGHN" "Brodie" or "Officer Faughn") was at all times a resident of Stuttgart County, Arkansas. The Defendant Police Officer FNU PEEK (herein referred to as "Peek" or "Officer Peek") was at all times a resident of Stuttgart County, Arkansas. The Defendant Police Officer FNU GIGNAC (herein referred to as "Gignac" or "Officer Gignac") was at all times a resident of Stuttgart County, Arkansas.

5. Mayor Becky Burgess is the Mayor of the City of Stuttgartt. Said City of Stuttgart at all times herein mentioned provided the Defendants, Faughn, Duke, Peek and Gignac, with an official badge and identification, which designated and described its bearers as officers of the City's Police Department.

6. The defendant BRODIE FAUGHN at all relevant times was a duly appointed, qualified, and acting police officer of the City of Stuttgart and was an agent of said City. Defendants City of Stuttgart

2

is vicariously liable for Defendant Faugh, Duke, Peek and Gignac actions under theory of agency and *respondeat superior*.

7. During all times mentioned herein, Mark Duke was acting as Chief of Police of the police force of the City of Stuttgart, and as such, it was his duty to properly supervise the policeman under his control so as not to cause injuries to, or deprive the civil rights of persons the police department is obligated to protect. At all relevant times, and prior to April, 2021, Duke had final policymaking authority in terms of creating, adopting and/or implementing police policies within the SPD whether formal or informal.

8. The defendant City of Stuttgart is the municipal corporation under the name of which the individual defendants performed all acts and omissions alleged herein. At all times and places alleged herein the individual defendants and each of them, were acting as agents of the defendant, the City of Stuttgart. At all relevant times, the City is and was empowered, funded and directed to pay any §1983 civil rights judgment for compensatory damages, actual damages, punitive damages and attorney fees for which any City employee acting under color of state law is found liable. Accordingly, the City is an indemnification party for those liable in the acts of which Plaintiff complains.

9. At all relevant times, the City was a municipality that participated in the Municipal Legal Defense Program. The acts of which Plaintiffs complain constitute a civil rights lawsuit against the City and the other City-employed defendants. Accordingly, the Municipal Legal Defense Program is a primary or secondary indemnification party

regarding the acts of City and the other City-employed defendants of which Plaintiff complains.

10. The identities and residencies of John Does Nos. 1-10, who are, through information and belief, employees, agents, servants, and/or individuals, law enforcement agencies or law enforcement officers are unknown at this time; hence, Plaintiff has designated them as "John Does Nos. 1-10." Plaintiff will amend his complaint to substitute the real names for the pseudo-names upon ascertaining this information. At all times, Defendant John Does Nos. 1-10 were acting in the scope of their employment, agency or contract.

## FACTUAL ALLEGATIONS

11. On Friday, April 17, 2020, Tylenn Jamr Todd, was arrested on McKinley Street, Stuttgart, Arkansas by members of the Stuttgart Police Department and Officer Brodie Faugh.

12. To effect the arrest, the officer used unlawful force.

13. While being arrested, Officer Faughn kicked Tylenn Todd in the face and jaw. Officers held Tylenn Jamar Todd in an illegal hold during the arrest.

14. Officers Peek and Gignac failed to intervene while Office Faughn illegally beat and struck him.

## COUNT I

### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT, ARKANSAS CONSTITUTION AND ARKANSAS CIVIL RIGHTS ACT

15. Paragraphs 1-15 are incorporated herein by reference and re-alleged as though fully alleged in County I.

4

16. As a result of the unprovoked and vicious physical assault and battery upon the Plaintiff, Plaintiff suffered wounds and injuries.

17. The actions of the Defendants, BRODIE FAUGHN, Mark Duke, and John Does were entirely unjustified by any actions of the Plaintiff and constituted an unreasonable and unprivileged touching of the Plaintiff.

18. The actions alleged above deprived the Plaintiff of the following rights under Fourth and Fourteenth Amendments of the United States Constitution and the Arkansas Constitution, and the Arkansas Civil Rights Act:

   a. Freedom from the use of excessive and unreasonable force;

   b. Freedom from a deprivation of liberty without due process of law; and

   c. Freedom from summary punishment.

19. Defendants, BRODIE FAUGHN, Mark Duke, and John Does subjected Plaintiff to such deprivation by either malice or a reckless or callous indifference to the state and federally protected rights of the Plaintiff.

20. The direct and proximate result of Defendants' acts is that Plaintiff suffered injuries. Plaintiff was forced to endure pain and mental suffering; and had to incur medical and legal expenses, and was deprived of his rights and privileges secured and protected by the Constitution and laws of the United States.

**COUNT II**
**PERMITTING AND MAINTAINING A WIDESPREAD CUSTOM OF PERMITTING EXCESSIVE FORCE (MONELL)**

21. Paragraphs 1-20 are incorporated herein by reference.

22. Prior to the incident that is subject of this action, the City of Stuttgart, through its Chief of Police, or system for hiring, employed the Defendant, Brodie Faugh, Mark Duke and John Does.

23. At all relevant times, including a period of years prior to April, 2020, Duke knowingly, and/or with reckless or callous indifference to the Constitutional rights of the citizens of Stuttgart and Stuttgart County, permitted and/or maintained a widespread custom and practice of permitting acts of excessive force by SPD officers by covering up allegations of police excessive force and/or performing meaningless internal investigations intended to exonerate officers against whom such allegations are charged and/or failing to request or timely request independent investigations to verify such allegations and/or verbalizing to SPD officers and the public at large that violations of SPD general orders are trivial and unimportant. This pattern of police misconduct was so pervasive as to constitute a "custom or usage" with the force of law.

24. The foregoing acts, omissions, and systemic deficiencies are policies and customs of Defendant and such caused the Defendants Faughn, Duke, Peek, Gignac and John Does to violate the Plaintiff's rights, all with the foreseeable result that officers were more likely to act in a manner that was neither necessary, reasonable nor legal. Said acts, omissions and systemic deficiencies are a result of a failure to, among other things, properly supervise and/or train.

6

25. Defendants Faugh, Peek, Gignac and John Does subjected the Plaintiff to an unreasonable seizure that resulted in the deprivation of his liberty without due process of law, in violation of his rights as secured by the Fifth Amendment to the United States Constitution, the Arkansas Constitution and the Arkansas Civil Rights Act.

26. As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of the Defendants, Defendant Faugh, Peek, Gignac and John Does, improperly assaulted and battered the Plaintiffs.

27. The conduct of the Defendant herein was of a malicious and willful nature, and of a nature so as to warrant the award of punitive and exemplary damages in favor of the Plaintiff against the Defendants.

**COUNT III**
**AGAINST THE CITY OF STUTTGART FOR PERMITTING AND MAINTAINING A WIDESPREAD CUSTOM OF PERMITTING EXCESSIVE FORCE (*MONELL*)**

28. Paragraphs 1-29 are incorporated herein by reference.

29. At all relevant times, including a period of years prior to April, 2020 the City of Stuttgart knowingly, and/or with reckless or callous indifference to the Constitutional rights of the citizens of Stuttgart County, permitted and/or maintained a widespread custom and practice of permitting acts of excessive force by SPD officers by covering up allegations of police excessive force and/or performing meaningless internal investigations intended to exonerate officers against whom such allegations are charged and/or failing to request or timely request independent investigations to verify such allegations and/or verbalizing to SPD officers and the public at large that violations of

SPD general orders are trivial and unimportant. This pattern of police misconduct was so pervasive as to constitute a "custom or usage" with the force of law.

30. The foregoing acts, omissions, and systemic deficiencies are policies and customs of Defendant and such caused the Defendants Faughn, Peek, Gignac and John Does to violate the Plaintiff's rights, all with the foreseeable result that officers were more likely to act in a manner which was neither necessary, reasonable nor legal. Said acts, omissions and systemic deficiencies are a result of a failure to properly supervise.

31. Defendant Faughn, Peek, Gignac and John Does subjected the Plaintiff to an unreasonable seizure, that resulted in the deprivation of his liberty without due process of law, in violation of his rights as secured by the Fifth Amendment to the United States Constitution, the Arkansas Constitution and the Arkansas Civil Rights Act.

32. As a direct and proximate result of the aforesaid acts, omissions, systemic deficiencies, policies and customs of the Defendant improperly assaulted and battered the Plaintiffs.

33. The conduct of the Defendant herein was of a malicious and willful nature, and of a nature so as to warrant the award of punitive and exemplary damages in favor of the Plaintiff against the Defendants.

### COUNT IV
### NEGLIGENCE/BATTERY

34. Paragraphs 1 - 33 are incorporated herein by reference.

35. At the time of the incident herein, Defendants Faughn, Peek, Gignac and John Does was acting as officers of the Stuttgart Police Department.

36. Defendants actions fell below the standard of reasonableness.

    a. Defendant Faughn committed a batter upon Plaintiff.

    b. The other Defendants failed to take intervene.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgments against the defendants and each of them and:

a. Award compensatory damages against the Defendants and each of them jointly and severally;

b. Award punitive damages against the Defendants;

c. Award costs of this action including attorney fees to the Plaintiff; and

d. Award injunctive relief and declaratory relief prohibiting the defendants from engaging in this action in the future, finding the actions of the defendants to be unconstitutional and instituting such other relief as is necessary; and

e. Award such other and further relief as this Court may deem appropriate. A jury trial is hereby demanded.

                                Respectfully submitted,

                                /s/Willard Proctor, Jr.
                                Willard Proctor, Jr.,
                                Attorney for Plaintiff
                                2500 South State Street
                                Little Rock, AR  72206-2162
                                (501) 378-7720
                                Arkansas Bar No.:  87136
                                willard@wpjrlaw.com

AFFIDAVIT

Comes now the undersigned and solemnly swears that the following facts and information are true and correct to the best of my knowledge and belief:

1. I am the attorney for the plaintiff in the attached pleading.

2. Neither me nor my client knows the identities of the John and Jane Doe designations set forth in the pleading nor the insurance carriers for any entity or individual not susceptible to a direct cause of action.

3. Upon determining the identity of the unknown parties responsible for the injuries and damages sustained by plaintiff, or for paying those damages, I will timely amend the Complaint to specifically designate the names of the unknown parties.

4. This Affidavit is filed in accordance with Ark. Code Ann. § 16-56-125.

_____
Willard Proctor, Jr.

SWORN TO AND SUBSCRIBED TO before me, a Notary Public, on this 15th day of April, 2021.

__11-7-2021__
My Commission Expires

_____
Notary Public

KYESHA RAULSTON
Notary Public-Arkansas
Pulaski County
My Commission Expires 11-07-2021
Commission #12384954